COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-031-CV

 

 

PAUL THAILING                                                                  APPELLANT

 

                                                   V.

 

SONNY MATTHEWS,                                                              APPELLEE

AS NEXT FRIEND TO 

CHARLES MATTHEWS

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In one issue, Appellant Paul Thailing asserts
that the trial court erred by entering judgment against him without giving him
credit for the amount paid in settlement to Matthews by Mansfield Independent
School District, an original co-defendant.

II. 
Factual and Procedural History

In April 2003, an accident involving an
automobile and a pedestrian occurred on Mansfield ISD property, resulting in
Sonny Matthews suing Paul Thailing and Mansfield ISD.  Prior to trial, Matthews settled with
Mansfield ISD for $2,000, memorialized by a signed rule 11 agreement filed with
the trial court.

On June 25, 2007, Thailing filed an AElection
of Credit@ with the trial court requesting
credit for the amount of the settlement between Mansfield ISD and Matthews.  Specifically, the election of credit read, ACOMES
NOW Paul Thailing, Defendant, and pursuant to Texas Civil Practice and Remedies
Code '
33.012(b)(1) and 33.014, elects a credit for the sum of the dollar amounts of
all settlements.@ 
No objection was made to this filing. 
A jury subsequently returned a verdict in favor of Matthews for $5,000.








Matthews subsequently filed a motion to enter
judgment, and Thailing filed an objection seeking a credit for the settlement
between Matthews and Mansfield ISD.  The
trial court denied Thailing=s
request and entered judgment in favor of Matthews for $5,000.  Thailing filed a motion for new trial,
seeking to have the judgment reflect the $2,000 offset.  The motion was denied by operation of law,
and this appeal followed.

III. 
Settlement Credit

In his single issue, Thailing complains that the
trial court failed to credit the judgment against him with the settlement
amount that Matthews had received from Mansfield ISD.  Matthews responds that Thailing did not
properly elect a settlement credit because he cited incorrect statutory
references and did not submit his percentage of responsibility to the jury.

Section 33.012 of the civil practice and remedies
code, entitled AAmount of Recovery,@ reads
in pertinent part as follows:  If the
claimant has settled with one or more persons, the court shall further reduce
the amount of damages to be recovered by the claimant with respect to a cause
of action by the sum of the dollar amounts of all settlements.@  Tex. Civ. Prac. & Rem. Code Ann. '
33.012(b) (Vernon 2008).








Thailing clearly requested in his election of
credit Acredit
for the sum of the dollar amounts of all settlements,@ which
in this case is the $2,000 settlement with Mansfield ISD.  We decline to elevate form over
substance.  We hold that incorrectly
denominating the statute as section 33.012(b)(1) instead of section 33.012(b),
particularly when section 33.012(b)(1) is the former incarnation of section
33.012(b), does not negate the applicability of the election of credit when the
body of the notice clearly indicates what is being requested, that is, credit
for the amount of previous settlements.[2]

As to Matthews=s other
argument regarding submission of Aclaimant=s percentage
of responsibility,@ there is no statutory
requirement for this as a prerequisite to a settlement credit, and Matthews
does not cite any authority for this proposition.  See Tex. Civ. Prac. & Rem. Code '
33.012.  We sustain Thailing=s single
issue.








IV. 
Conclusion

We reverse the part of the judgment against
Thailing awarding damages of $5,000, and we render judgment that Matthews is
entitled to recover $3,000 in damages from Thailing.  We affirm the remainder of the trial court=s
judgment, excluding prejudgment and post-judgment interest.  We reverse and remand the case for
recalculation of prejudgment and post-judgment interest and for entry of
judgment in accordance with this opinion.

 

 

BOB
MCCOY

JUSTICE

 

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED: October 8,
2009

 











[1]See Tex. R. App. P. 47.4.





[2]Former section
33.012(b)(1) has almost the exact wording as current section 33.012(b),
stating, 

 

If the claimant has
settled with one or more persons, the court shall further reduce the amount of
damages to be recovered by the claimant with respect to a cause of action by a
credit equal to one of the following, as elected in accordance with Section
33.014:  (1) the sum of the dollar
amounts of all settlements[.]

 

Act of May 18, 1995, 74th Leg., R.S., ch. 136, ' 1, 1995 Tex. Gen.
Laws 971, 974, amended by Act of June 11, 2003, 78th Leg., R.S., ch.
204, ' 4.06, 2003 Tex.
Gen. Laws 847, 857 (current version at Tex. Civ. Prac. & Rem. Code Ann. ' 33.012(b)).

Now-repealed
section 33.014 provided that if a claimant settled with one or more persons, a
defendant had to make a written election as to which dollar credit was to be
applied under section 33.012(b) before the issues were submitted to the trier
of fact.  See Act of May 18, 1995,
74th Leg., R.S., ch. 136, ' 1, 1995 Tex. Gen. Laws 971, 975, repealed
by Act of June 11, 2003, 78th Leg., R.S., ch. 204, ' 4.10(6), 2003 Tex. Gen.
Laws 847, 859.